UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **KRISTA J. MUSSA, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 3:12CV593 |
| | ) |
| **UNITED STATES OF AMERICA, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ANSWER AND DEFENSES OF DEFENDANT UNITED STATES OF AMERICA TO PLAINTIFFS' COMPLAINT AND JURY DEMAND**

Defendant United States of America (defendant) answers plaintiffs' Complaint and Jury Demand (complaint) and asserts defenses as follows:

Paragraph 1

At all times relevant herein, the Plaintiffs, Krista J. Mussa and Sam K. Mussa, resided together as husband and wife at 4664 W. US Hwy 20, La Porte, IN 46350 and are citizens of the State of Indiana.

Answer to Paragraph 1

Defendant is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 1 of plaintiffs' complaint and, therefore, they are denied.

Paragraph 2

The Defendant United States of America is the duly constituted and sovereign government of the United States of America, Healthlinc, Inc. - Michigan City Health Center is a civilian agency of the United States government and Healthlinc, Inc. - Michigan City Health Center was acting on behalf of Defendant United States at all times relevant to this Complaint. Service may be

perfected upon Defendant United States pursuant to Fed. R. Civ. P. 4(I).

Answer to Paragraph 2

Paragraph 2 of plaintiffs' complaint are plaintiffs' legal conclusions, to which no answer is required, but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 2 of plaintiffs' complaint, except to admit that the United States Department of Health and Human Services (HHS), Health Resources and Services Administration, Bureau of Primary Health Care deemed HealthLinc, Inc. to be a federally qualified health center, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), from January 1, 2009 until December 31, 2011. Defendant specifically denies that HealthLinc, Inc. is a civilian agency of the United States government. Defendant also specifically denies that HealthLinc, Inc. ever was "acting on behalf of Defendant United States."

Paragraph 3

That at all relevant times, HealthLinc, Inc. - Michigan City Health Center, was a "Federally Qualified Health Center" and was acting on behalf of the Defendant, USA at all times relevant to this Complaint under the Public Health Service Act (42 U.S.C. § 233).

Answer to Paragraph 3

Defendant denies the allegations in Paragraph 3 of plaintiffs' complaint except to admit that HHS deemed HealthLinc, Inc. to be a federally qualified health center, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), from January 1, 2009 until December 31, 2011. Defendant specifically denies that HealthLinc, Inc. ever was "acting on behalf of the Defendant, USA." Defendant specifically states that the phrases "at all relevant

times" and "at all times relevant to this Complaint" are ambiguous.

Paragraph 4

This action arises under Title 28 of the United States Code § 2671 et seq., more commonly known as the Federal Tort Claims Act. This Court has original jurisdiction over the claim against the Defendant United States of America, under Title 28 of the United States Code § 1346(b), which states, in part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or before January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Answer to Paragraph 4

Paragraph 4 of plaintiffs' complaint are plaintiffs' legal conclusions, to which no answer is required, but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 4 of plaintiffs' complaint.

Paragraph 5

On or about the 19th day of September 2011, notice of Plaintiffs' tort claim was given to the United States Government pursuant to and as required by Title 28, Section 2675, of the United States Code.

Answer to Paragraph 5

Paragraph 5 of plaintiffs' complaint are plaintiffs' legal conclusions, to which no answer is required, but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 5 of plaintiffs' complaint, except to admit that, on September 19, 2012, HHS received

a completed Standard Form 95 from plaintiff Krista J. Mussa and also received a completed Standard Form 95 from plaintiff Sam K. Mussa, asserting tort claims against HHS.

Paragraph 6

Pursuant to 45 C.F.R. 35.2(b) and 28 U.S.C. 2675(a) this claim was denied, on May 15, 2012.

Answer to Paragraph 6

Paragraph 6 of plaintiffs' complaint are plaintiffs' legal conclusions, to which no answer is required, but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 6 of plaintiffs' complaint, except to admit that, by letter dated and mailed to plaintiffs' counsel on May 15, 2012, HHS denied the administrative tort claims of plaintiffs Krista J. Mussa and Sam K. Mussa.

Paragraph 7

At all times relevant herein, Defendant, Anonymous Healthcare Provider 1, was a qualified healthcare provider under the Indiana Medical Malpractice Act (Indiana Code § 34-18-1-1, et seq.), and an Indiana corporation, licensed to do business in Indiana under the laws of the State of Indiana with its principal place of business located in Michigan City, Indiana 46360.

Answer to Paragraph 7

Paragraph 7 of plaintiffs' complaint addresses a defendant other than defendant United States of America and, therefore, no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 7 of plaintiffs' complaint. Defendant affirmatively states that defendant does not know the identity of Anonymous Healthcare Provider 1.

Paragraph 8

At all times relevant herein, Defendant, Anonymous Healthcare Provider 2, was a qualified healthcare provider under the Indiana Medical Malpractice Act (Indiana Code § 34-18-1-1, et seq.), and an Indiana corporation, licensed to do business in Indiana under the laws of the State of Indiana with its principal place of business located in Michigan City, Indiana 46360.

Answer to Paragraph 8

Paragraph 8 of plaintiffs' complaint addresses a defendant other than defendant United States of America and, therefore, no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 8 of plaintiffs' complaint. Defendant affirmatively states that defendant does not know the identity of Anonymous Healthcare Provider 2.

Paragraph 9

At all times relevant herein, Defendant, Anonymous Healthcare Provider 3, was a qualified healthcare provider under the Indiana Medical Malpractice Act (Indiana Code § 34-18-1-1, et seq.), and an Indiana corporation, licensed to do business in Indiana under the laws of the State of Indiana with its principal place of business located in Hammond, Indiana 46324.

Answer to Paragraph 9

Paragraph 9 of plaintiffs' complaint addresses a defendant other than defendant United States of America and, therefore, no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 9 of plaintiffs' complaint. Defendant affirmatively states that defendant does not know the identity of Anonymous Healthcare Provider 3.

Paragraph 10

The Plaintiffs' claims against the Defendants, Anonymous Healthcare Provider 1, Anonymous Healthcare Provider 2, and Anonymous Healthcare Provider 3, are brought before this Federal District Court pursuant to the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a) as claims so related to the Federal Tort Claims against the United States of America that they form a part of the same case or controversy under Article III of the United States Constitution.

Answer to Paragraph 10

Paragraph 10 of plaintiffs' complaint addresses defendants other than defendant United States of America, states legal conclusions, and are plaintiffs' characterization of their claims against those defendants and, therefore, no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 10 of plaintiffs' complaint.

Paragraph 11

Plaintiffs filed a Proposed Complaint against Defendants, Anonymous Healthcare Provider 1, Anonymous Healthcare Provider 2, and Anonymous Healthcare Provider 3 with the Indiana Department of Insurance on October 14, 2011.

Answer to Paragraph 11

Paragraph 11 of plaintiffs' complaint addresses defendants other than defendant United States of America and, therefore, no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent an answer is deemed to be required, defendant is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 11 of plaintiffs' complaint and, therefore, they are denied.

Paragraph 12

Pursuant to IC 34-18-8-7, Commencement of action while claim being considered by medical review panel:

> Sec. 7. (a) Notwithstanding section 4 of this chapter beginning July 1, 1999, a claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel. In order to comply with this section, the:
>
> (1) complaint filed in court may not contain any information that would allow a third party to identify the defendant;
>
> (2) claimant is prohibited from pursuing the action;
>
> (3) court is prohibited from taking any action except setting a date for trial, an action under IC 34-18-8-8 (or IC 27-12-8-8 before its repeal), or an action under IC 34-18-11 (or IC 27-12-11 before its repeal); until section 4 of this chapter has been satisfied.
>
> (b) Upon satisfaction of section 4 of this chapter, the identifying information described in subsection (a)(1) shall be added to the complaint by the court.

Answer to Paragraph 12

Paragraph 12 of plaintiffs' complaint are plaintiffs' legal conclusions, to which no answer is required, but to the extent an answer is deemed to be required, defendant denies the allegations in Paragraph 12 of plaintiffs' complaint.

Paragraph 13

Plaintiffs incorporate each and every allegation of this Complaint as if stated fully herein.

Answer to Paragraph 13

Defendant adopts and incorporates by reference defendant's answers to each and every allegation in plaintiffs' complaint as defendant's answer to paragraph 13 of plaintiffs' complaint.

Paragraph 14

That on or about On or about May 27, 2009 and continuing through May 18, 2011, Plaintiff Krista Mussa, sought and received medical care from the Defendants.

Answer to Paragraph 14

Defendant denies the allegations in Paragraph 14 of plaintiffs' complaint, except to admit that Krista Mussa received medical treatment at HealthLinc, Inc. on various occasions between March 2009 and May 2011. To the extent the allegations in Paragraph 14 of plaintiffs' complaint addresses defendants other than defendant United States of America no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent an answer is deemed to be required, defendant denies the allegations that address defendants other than defendant United States of America in Paragraph 14 of plaintiffs' complaint.

Paragraph 15

Defendants, through their agents and employees, were negligent in the medical care, treatment, management, and consultation to Plaintiff Krista Mussa, which included, but was not limited to:

    a. failing to timely and appropriately obtain, interpret, and/or report the results of a PAP smear done on May 27, 2009,

    b. failing to timely and appropriately diagnose or disclose high-grade squamous intrapithelial lesion, moderate and severe dysplasia; and

    c. failing to timely and appropriately recommend colposcopy and cervical biopsy.

Answer to Paragraph 15

Defendant denies the allegations in Paragraph 15 of plaintiffs' complaint. To the extent the allegations in Paragraph 15 of plaintiffs' complaint addresses defendants other than defendant United States of America no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent

an answer is deemed to be required, defendant denies the allegations that address defendants other than defendant United States of America in Paragraph 15 of plaintiffs' complaint.

Paragraph 16

Plaintiffs incorporate each and every allegation of this Complaint as if stated fully herein.

Answer to Paragraph 16

Defendant adopts and incorporates by reference defendant's answers to each and every allegation in plaintiffs' complaint as defendant's answer to paragraph 16 of plaintiffs' complaint.

Paragraph 17

As a direct and proximate result of negligence, including the negligence of the Defendants and each of them, Krista Mussa was delayed in receiving the results of her PAP smear of May 27, 2009 which continued until approximately May 18, 2011. As a result of the delay and proper diagnosis, interpretation, and communicating of the PAP smear results, Krista Mussa went on to develop infiltrating endocervical adenocarcinoma, has suffered severe and permanent injury and impairment to her health, has suffered sever physical and emotional pain and suffering, has lost wages, has a diminished life expectancy, has incurred significant medical and hospital expenses, and will continue to suffer these and other losses in the future.

Answer to Paragraph 17

Defendant denies the allegations in Paragraph 17 of plaintiffs' complaint. To the extent the allegations in Paragraph 17 of plaintiffs' complaint addresses defendants other than defendant United States of America, no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent an answer is deemed to be required, defendant denies the allegations that address defendants other than defendant United States of America in Paragraph 17 of plaintiffs'

complaint.

The un-numbered paragraph immediately below paragraph 17 is plaintiff Krista J. Mussa's characterization of her claim, to which no answer is required, but to the extent an answer is deemed to be required, defendant denies that plaintiff Krista J. Mussa is entitled to any of the relief requested and, therefore, defendant requests that the Court dismiss this case with prejudice; enter judgment for defendant; award defendant its reasonable costs; and grant such other and further relief that is just and proper.

Paragraph 18

Plaintiff Sam Mussa incorporates each and every allegation of this Complaint as if stated fully herein.

Answer to Paragraph 18

Defendant adopts and incorporates by reference defendant's answers to each and every allegation in plaintiffs' complaint as defendant's answer to paragraph 18 of plaintiffs' complaint.

Paragraph 19

That as a further direct and proximate result of the above-described negligence of the Defendants, Plaintiff Sam K. Mussa, has sustained the loss of his wife, Krista Mussa's, consortium, society, and companionship.

Answer to Paragraph 19

Defendant denies the allegations in Paragraph 19 of plaintiffs' complaint. To the extent the allegations in Paragraph 19 of plaintiffs' complaint addresses defendants other than defendant United States of America no response is required, *see* Fed. R. Civ. P. 8(b)(1)(B), but to the extent an answer is deemed to be required, defendant denies the allegations that address defendants

other than defendant United States of America in Paragraph 19 of plaintiffs' complaint. The un-numbered paragraph immediately below paragraph 19 is plaintiff Sam K. Mussa's characterization of his claim, to which no answer is required, but to the extent an answer is deemed to be required, defendant denies that plaintiff Sam K. Mussa is entitled to any of the relief requested and, therefore, defendant requests that the Court dismiss this case with prejudice; enter judgment for defendant; award defendant its reasonable costs; and grant such other and further relief that is just and proper.

First Affirmative Defense

Plaintiffs' alleged injuries and damages were not proximately caused by any negligent or wrongful act or omission of any defendant covered by the Federal Tort Claims Act pursuant to the Federally Supported Health Centers Assistance Act. The Federal Tort Claims Act bars plaintiff from recovering any damages from defendant for plaintiffs' unrelated injuries and damages.

Second Affirmative Defense

Plaintiffs are not entitled to a jury trial for their claims pursuant to the Federal Tort Claims Act. 28 U.S.C. § 402.

Third Affirmative Defense

Plaintiffs' recovery against defendant, if any, is limited to damages recoverable pursuant to the Federal Tort Claims Act.

Fourth Affirmative Defense

Pursuant to 28 U.S.C. § 2675(b), plaintiffs, and each of them, are prohibited from recovering from defendant an amount that exceeds the amount in each plaintiff's administrative claims previously submitted to the United States Department of Health and Human Services.

Fifth Affirmative Defense

Plaintiffs are not entitled to pre-judgment interest for any judgment for their claims against defendant United States of America.  28 U.S.C. § 2674.

Sixth Affirmative Defense

Recoverable post-judgment interest on any judgment is governed by, and limited by statute. *See* 28 U.S.C. § 1961; 31 U.S.C. § 1304(b).

Seventh Affirmative Defense

To the extent that the law of the place that applies to liability and damages has limitations on liability and damages, plaintiffs' claims are subject to those limitations.  *See, e.g., Carter v. United States*, 982 F.2d 1141, 1142-44 (7th Cir. 1992); Ind. Code § 34-18-4-3.

Eighth Affirmative Defense

The United States is entitled to a set-off, deducting from any damages recoverable by plaintiffs certain collateral source payments including without limitation payments made to plaintiffs, or any of them, before trial as compensation for the loss or injury for which the action is brought with state or federal funds under any federally-funded program or state-funded program including without limitation Medicaid.  *See, e.g.,* Ind. Code §§ 34-44-1-34-44-1-3.

Ninth Affirmative Defense

Plaintiffs' recovery of medical expenses and other expenses, if any, is limited to the reasonable value of such expenses, which is not necessarily the amount billed or paid. *Stanley v. Walker*, 906 N.E.2d 852, 856-857 (Ind. 2009).

Tenth Affirmative Defense

Pursuant to 28 U.S.C. § 2412(d)(1)(A), plaintiffs cannot recover attorneys' fees from defendant. Any attorneys' fees are deducted from any judgment or settlement, and are governed by statute. 28 U.S.C. § 2678.

Eleventh Affirmative Defense

Any recovery by plaintiffs is subject to the availability of appropriated funds.

Wherefore, having fully answered plaintiffs' complaint, defendant:

1. denies all allegations in plaintiffs' complaint not specifically admitted; and

2. requests that the Court enter judgment in favor of defendant; dismiss this case with prejudice; award defendant its reasonable costs; and grant such other and further relief that is just and proper.

        Respectfully submitted,

        DAVID CAPP
        UNITED STATES ATTORNEY

        /s/ Wayne T. Ault
        WAYNE T. AULT
        Assistant United States Attorney
        5400 Federal Plaza, Suite 1500
        Hammond, Indiana 46320
        Telephone: 219-937-5500
        Telecopy: 219-852-2770
        Internet Address: Wayne.Ault@usdoj.gov

        Counsel for Defendant United States of America

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of December, 2012, I electronically filed the foregoing Answer and Defenses of Defendant United States of America to Plaintiffs' Complaint and Jury Demand using the CM/ECF system which sent notification of such filing to D. Bruce Kehoe, counsel for plaintiffs.

/s/ Wayne T. Ault
Wayne T. Ault
Assistant United States Attorney