UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KRISTA J. MUSSA and SAM K. MUSSA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:12CV593 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| FRANCISCAN ALLIANCE, INC. d/b/a FRANCISCAN ) | |
| ST. ANTHONY HEALTH – MICHIGAN CITY; and ) | |
| ALVERNO CLINICAL LABORATORIES, LLC, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Come now Plaintiffs, Krista J. Mussa and Sam K. Mussa, by counsel, and for their cause of action against the Defendants, the United States of America, Franciscan Alliance, Inc. d/b/a Franciscan St. Anthony Health – Michigan City, and Alverno Clinical Laboratories, LLC, allege and state as follows:

## PARTIES AND JURISDICTION

1. At all times relevant herein, the Plaintiffs, Krista J. Mussa and Sam K. Mussa, resided together as husband and wife at 4664 W. US Hwy 20, La Porte, IN 46350 and are citizens of the State of Indiana.

2. The Defendant United States of America is the duly constituted and sovereign government of the United States of America, Healthlinc, Inc. – Michigan City Health Center is a civilian agency of the United States government and Healthlinc, Inc. – Michigan City Health Center was acting on behalf of Defendant United States at all times relevant to this Complaint. Service may be perfected upon Defendant United States pursuant to Fed. R. Civ. P. Rule 4(I).

1

3. That at all relevant times, HealthLinc, Inc. – Michigan City Health Center, was a "Federally Qualified Health Center" and was acting on behalf of the Defendant, USA at all times relevant to this Complaint under the Public Health Service Act (42 USC. § 233).

4. This action arises under Title 28 of the United States Code § 2671 et seq., more commonly known as the Federal Tort Claims Act. This Court has original jurisdiction over the claim against the Defendant, the United States of America, under Title 28 of the United States Code § 1346 (b), which states, in part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or before January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

5. On or about the 19th day of September 2011, notice of Plaintiffs' tort claim was given to the United States Government pursuant to and as required by Title 28, Section 2675, of the United States Code.

6. Pursuant to 45 C.F.R. 35.2(b) and 28 U.S.C. 2675(a) this claim was denied, on May 15, 2012.

7. At all times relevant herein, Defendant, Franciscan Alliance, Inc. d/b/a Franciscan St. Anthony Health – Michigan City, was a qualified healthcare provider under the Indiana Medical Malpractice Act (Ind. Code § 34-18-1-1, et seq.), and an Indiana corporation, licensed to do business in Indiana under the laws of the State of Indiana with its principal place of business located in Michigan City, Indiana 46360.

8. At all times relevant herein, Defendant, Alverno Clinical Laboratories, LLC, was a qualified healthcare provider under the Indiana Medical Malpractice Act (Ind. Code § 34-18-1-

2

1, et seq.), and an Indiana corporation, licensed to do business in Indiana under the laws of the State of Indiana with its principal place of business located in Hammond, Indiana 46324.

9. The Plaintiffs' claims against the Defendants, Franciscan Alliance, Inc. d/b/a Franciscan St. Anthony Health – Michigan City, and Alverno Clinical Laboratories, LLC, are brought before this Federal District Court pursuant to the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a) as claims so related to the Federal Tort Claims against the United States of America that they form part of the same case or controversy under Article III of the United States Constitution.

10. Plaintiffs filed a Proposed Complaint against Defendants, Franciscan Alliance, Inc. d/b/a Franciscan St. Anthony Health – Michigan City, and Alverno Clinical Laboratories, LLC with the Indiana Department of Insurance on October 14, 2011.

11. Pursuant to Ind. Code § 34-18-8-7, commencement of action while claim being considered by medical review panel:

> (a) Notwithstanding section 4 of this chapter, beginning July 1, 1999, a claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel. In order to comply with this section, the:
>
> > (1) complaint filed in court may not contain any information that would allow a third party to identify the defendant;
> >
> > (2) claimant is prohibited from pursuing the action; and
> >
> > (3) court is prohibited from taking any action except setting a date for trial, an action under IC 34-18-8-8 (or IC 27-12-8-8 before its repeal), or an action under IC 34-18-11 (or IC 27-12-11 before its repeal); until section 4 of this chapter has been satisfied.
>
> (b) Upon satisfaction of section 4 of this chapter, the identifying information described in subsection (a)(1) shall be added to the complaint by the court.

## FACTUAL ALLEGATIONS

12. Plaintiffs incorporate each and every allegation of this Complaint as if stated fully herein.

13. That on or about On or about May 27, 2009 and continuing through May 18, 2011, Plaintiff, Krista Mussa, sought and received medical care from the Defendants.

14. Defendants, through their agents and employees, were negligent in the medical care, treatment, management, and consultation to Plaintiff, Krista Mussa, which included, but was not limited to:

   a. failing to timely and appropriately obtain, interpret, and/or report the results of a PAP smear done on May 27, 2009;

   b. failing to timely and appropriately diagnose or disclose high-grade squamous intraepithelial lesion, moderate and severe dysplasia; and

   c. failing to timely and appropriately recommend colposcopy and cervical biopsy.

15. Pursuant to Indiana Medical Malpractice Act, a Medical Review Panel convened on May 19, 2014, having reviewed evidence submitted by the parties.

16. The Medical Review Panel issued its Opinion on June 24, 2014. The Panel Opinion is attached as Exhibit A.

## COUNT I. LIABILITY AND NEGLIGENCE OF DEFENDANTS

17. Plaintiffs incorporate each and every allegation of this Complaint as if stated fully herein.

18. As a direct and proximate result of negligence, including the negligence of the Defendants and each of them, Krista Mussa was delayed in receiving the results of her PAP

smear of May 27, 2009 which continued until approximately May 18, 2011. As a result of the delay and proper diagnosis, interpretation, and communicating of the PAP smear results, Krista Mussa went on to develop infiltrating endocervical adenocarcinoma, has suffered severe and permanent injury and impairment to her health, has suffered severe physical and emotional pain and suffering, has lost wages, has a diminished life expectancy, has incurred significant medical and hospital expenses, and will continue to suffer these and other losses in the future.

WHEREFORE, Plaintiff, Krista J. Mussa, prays for damages against the Defendants, the United States of America, Franciscan Alliance, Inc. d/b/a Franciscan St. Anthony Health – Michigan City, and Alverno Clinical Laboratories, LLC, in amounts which will fully and fairly compensate her for her damages, for the costs of this action, for interest as allowed by law, and for all other relief just and proper in the premises.

## COUNT II. PLAINTIFF, SAM MUSSA'S, CLAIM FOR CONSORTIUM

19. Plaintiff, Sam Mussa, incorporates each and every allegation of this Complaint as if stated fully herein.

20. That as a further direct and proximate result of the above-described negligence of the Defendants, Plaintiff, Sam K. Mussa, has sustained the loss of his wife, Krista Mussa's, consortium, society, and companionship.

WHEREFORE, Plaintiff, Sam K. Mussa., prays for damages against the Defendants, the United States of America, Franciscan Alliance, Inc. d/b/a Franciscan St. Anthony Health – Michigan City, and Alverno Clinical Laboratories, LLC, in amounts which will fully and fairly compensate him for his damages, for the costs of this action, for interest as allowed by law, and for all other relief just and proper in the premises.

Respectfully submitted,

WILSON KEHOE WININGHAM, LLC

By: ___/s/ D. Bruce Kehoe_____
D. Bruce Kehoe, # 5410-49
2859 North Meridian Street
Indianapolis, IN 46208
Tel (317) 920-6400
Fax (317) 920-6405
E-mail: kehoe@wkw.com
Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served in the following fashion and on the following parties:

By electronic mail service pursuant to the Court's CM/ECF system, on the following counsel on August 5, 2014:

| | |
|---|---|
| Wayne T. Ault, Esq. | Julie A. Rosenwinkel, Esq. |
| Assistant United States Attorney | Steven P. Lammers, Esq. |
| 5400 Federal Plaza, Suite 1500 | KRIEG DEVAULT LLP |
| Hammond, IN 46320 | 8001 Broadway, Suite 400 |
| | Merrillville, IN 46140 |

WILSON KEHOE WININGHAM, LLC

By: __/s/ D. Bruce Kehoe_____
D. Bruce Kehoe, #5410-49

BEFORE THE STATE OF INDIANA
DEPARTMENT OF INSURANCE

KRISTA J. MUSSA AND SAM K. MUSSA
vs.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; AND ALVERNO CLINICAL
   LABORATORIES, LLC

The undersigned, the Chairman for the above-captioned Medical Review Panel, hereby attaches Exhibit A, Exhibit B and Exhibit C, which reflect the opinions of each of the panel members.

_____
G. Anthony Bertig, Chairman

Dated: June 24, 2014

**EXHIBIT A**

RECEIVED JUN 30 2014

KRISTA J. MUSSA AND SAM K. MUSSA
vs.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; ALVERNO CLINICAL LABORATORIES, LLC

## OPINION

The undersigned panel member hereby renders the following opinion:

There is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury regarding the defendants *FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY and ALVERNO CLINICAL LABORATORIES, LLC.*

_____
Michael J. Callahan, M.D.

KRISTA J. MUSSA AND SAM K. MUSSA
vs.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; AND ALVERNO CLINICAL LABORATORIES, LLC

## DETERMINATION OF MEDICAL REVIEW PANEL REQUIRED UNDER I.C. 34-18-9-4

The Medical Review Panel is of the unanimous opinion that the name(s) of the defendant(s) should <u>not</u> be forwarded to the appropriate Board of professional registration for review of fitness to practice.

Dated: 6-14-14

_____
Michael J. Callahan, M.D.

_____
G. Anthony Bertig, Panel Chairman

## EXHIBIT A

KRISTA J. MUSSA AND SAM K. MUSSA
VS.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; PATHOLOGY CONSULTANTS, INC. AND ALVERNO CLINICAL LABORATORIES, LLC

## OATH

I (SWEAR) AFFIRM UNDER THE PENALTIES FOR PERJURY that I will well and truly consider the evidence submitted by the parties; that I will render my opinion without bias, based upon the evidence submitted by the parties, and that I have not and will not communicate with any party or representative of any party before rendering my opinion, except as authorized by law.

*[signature]*
MICHAEL J CALLAHAN MD

**EXHIBIT A**

KRISTA J. MUSSA AND SAM K. MUSSA
vs.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; ALVERNO CLINICAL LABORATORIES, LLC

## OPINION

The undersigned panel member hereby renders the following opinion:

There is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury regarding the defendants *FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY and ALVERNO CLINICAL LABORATORIES, LLC.*

_____
, Daniel Klink, M.D.

## EXHIBIT A

KRISTA J. MUSSA AND SAM K. MUSSA
vs.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; AND ALVERNO CLINICAL LABORATORIES, LLC

## DETERMINATION OF MEDICAL REVIEW PANEL REQUIRED UNDER I.C. 34-18-9-4

The Medical Review Panel is of the unanimous opinion that the name(s) of the defendant(s) should <u>not</u> be forwarded to the appropriate Board of professional registration for review of fitness to practice.

Dated: 6/18/14

_____
Daniel Klink, M.D.

_____
G. Anthony Bertig, Panel Chairman

EXHIBIT A

KRISTA J. MUSSA AND SAM K. MUSSA
vs.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; PATHOLOGY CONSULTANTS, INC. AND ALVERNO CLINICAL LABORATORIES, LLC

## OATH

I (SWEAR) AFFIRM UNDER THE PENALTIES FOR PERJURY that I will well and truly consider the evidence submitted by the parties; that I will render my opinion without bias, based upon the evidence submitted by the parties, and that I have not and will not communicate with any party or representative of any party before rendering my opinion, except as authorized by law.

_____ M.D.
DANIEL KLINK MD

## EXHIBIT A

EXHIBIT C

KRISTA J. MUSSA AND SAM K. MUSSA
vs.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; ALVERNO CLINICAL LABORATORIES, LLC

## OPINION

The undersigned panel member hereby renders the following opinion:

There is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury regarding the defendants *FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY and ALVERNO CLINICAL LABORATORIES, LLC.*

Timothy L. Hobbs, M.D.

EXHIBIT A

KRISTA J. MUSSA AND SAM K. MUSSA
vs.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; AND ALVERNO CLINICAL LABORATORIES, LLC

## DETERMINATION OF MEDICAL REVIEW PANEL REQUIRED UNDER I.C. 34-18-9-4

The Medical Review Panel is of the unanimous opinion that the name(s) of the defendant(s) should <u>not</u> be forwarded to the appropriate Board of professional registration for review of fitness to practice.

Dated: 6/12/14

_____
Timothy L. Hobbs, M.D.

_____
G. Anthony Bertig, Panel Chairman

## EXHIBIT A

KRISTA J. MUSSA AND SAM K. MUSSA
VS.
FRANCISCAN ST. ANTHONY HEALTH - MICHIGAN CITY; PATHOLOGY CONSULTANTS, INC. AND ALVERNO CLINICAL LABORATORIES, LLC

## OATH

I (SWEAR) AFFIRM UNDER THE PENALTIES FOR PERJURY that I will well and truly consider the evidence submitted by the parties; that I will render my opinion without bias, based upon the evidence submitted by the parties, and that I have not and will not communicate with any party or representative of any party before rendering my opinion, except as authorized by law.

TIMOTHY L HOBBS MD MBA

## EXHIBIT A